UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE DEANTE FREEMAN,

    Petitioner,

v.

    Case Number 18-11549
    Honorable Thomas L. Ludington

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR DISMISSAL OF THE HABEAS PETITION,
DISMISSING THE PETITION WITH PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Dale Deante Freeman filed a *pro se* habeas corpus petition challenging his Michigan convictions for first-degree murder, armed robbery, home invasion, and unlawfully driving away an automobile. Petitioner is serving a life sentence for the murder and concurrent prison terms for his other convictions. Respondent Randee Rewerts has moved to dismiss the habeas petition as time-barred because Petitioner failed to comply with the one-year statute of limitations for habeas petitions. Respondent's motion will be granted and the habeas petition will be dismissed with prejudice.

I.

Petitioner was tried before a jury in Wayne County Circuit Court, and on June 19, 2013, the jury found him guilty of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), two counts of armed robbery, Mich. Comp. Laws § 750.529, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and one count of unlawfully driving away an automobile, Mich. Comp. Laws § 750.413. On July 3, 2013, the state trial court sentenced Petitioner to life

imprisonment without the possibility of parole for the murder and to concurrent prison terms of 60 to 100 years for the robberies, 10 to 20 years for the home invasion, and 3 to 5 years for unlawfully driving away an automobile.

The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Freeman*, No. 317324, 2014 WL 7441034 (Mich. Ct. App. Dec. 30, 2014) (unpublished), and on May 28, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Freeman*, 863 N.W.2d 66 (Mich. 2015). Petitioner did not apply for a writ of certiorari in the United States Supreme Court, and the deadline for doing so expired 90 days after the Michigan Supreme Court denied leave to appeal. *See* Sup. Ct. R. 13.1 (stating that a petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed within 90 days after entry of the judgment).

On June 29, 2016, Petitioner filed a motion for relief from judgment. The trial court denied the motion, *see People v. Freeman*, No. 13-000447-02-FC (Wayne Cty. Cir. Ct. Sept. 30, 2016), and the Michigan Court of Appeals denied leave to appeal the trial court's decision, *see People v. Freeman*, No. 335347 (Mich. Ct. App. Jan. 25, 2017) (unpublished). On December 27, 2017, the Michigan Supreme Court likewise denied leave to appeal. *See People v. Freeman*, 904 N.W.2d 613 (Mich. 2017).

On February 13, 2018, Petitioner filed his first habeas corpus petition in this Court. *See Freeman v. Horton*, No. 18-10519, ECF No. 1 (E.D. Mich. Feb. 13, 2018). On February 28, 2018, two orders were issued. The first order directed Petitioner to pay the filing fee or to file an application for leave to proceed *in forma pauperis* within 21 days, and the second order directed Petitioner to submit two copies of his habeas petition to the Court within thirty days. *See id.*, ECF Nos. 3 and 4. Petitioner complied with the order to submit copies of his petition, but he did not

comply with the order to pay the filing fee or to apply for leave to proceed *in forma pauperis*. Accordingly, on April 17, 2018, the petition was dismissed without prejudice for failure to cure the financial deficiency. *See id.*, ECF No. 7. Petitioner moved to amend his petition, but the motion was denied because the case had already been dismissed and Petitioner still had not paid the filing fee or submitted an application to proceed *in forma pauperis*. *See id.*, ECF Nos. 9 and 10.

On May 14, 2018, Petitioner submitted his current habeas corpus petition.[1] Petitioner raises eleven claims regarding "bad acts" evidence, undisclosed evidence, the jury, his trial and appellate attorneys, the trial court's failure to order a mistrial, a witness's testimony, the sufficiency of the evidence, and his sentence. Respondent moved to dismiss the petition as untimely. Petitioner filed an answer to Respondent's motion in which he argues that state officials created an impediment to filing a timely habeas petition and that the Court should equitably toll the limitation period.

**II.**

The current petition is subject to the stringent provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because Petitioner filed his petition after AEDPA became effective in 1996. *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1619 (2019). AEDPA established a one-year period of limitations for state prisoners to file a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545,

---

[1] The petition was received and filed on May 17, 2018, but Petitioner states that he placed his petition in the prison mailing system on May 14, 2018. *See* Pet., ECF No. 1, p. 21. Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), a habeas petition ordinarily is considered filed on the date when the prisoner provides the petition to prison officials for filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012). Accordingly, the Court deems the petition filed on May 14, 2018.

550 (2011); *Davis*, 900 F.3d at 323; *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

Under § 2244(d)(1)(A), a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has explained that,

> [f]or petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

### A.

Petitioner did not apply for a writ of certiorari in the United States Supreme Court on direct review, and the deadline for doing so expired on August 26, 2015, ninety days after the Michigan

Supreme Court denied leave to appeal on direct review. Under *Gonzalez*, 565 U.S. at 150, and *Holbrook*, 833 F.3d at 613, Petitioner's convictions became final that same day, August 26, 2015. The statute of limitations began to run the following day, Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran 307 days -- until June 29, 2016 -- when Petitioner filed his motion for relief from judgment in the state trial court.[2]

The limitation period was tolled from the time Petitioner filed his post-conviction motion until December 27, 2017, when the state courts concluded their review of his motion. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). The statute of limitations resumed running on December 28, 2017, because the limitation period is not tolled during the time that a habeas petitioner could have appealed to the United States Supreme Court following the conclusion of state collateral review. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007). Petitioner then had 58 days, that is, until February 23, 2018, to file his habeas petition, because the limitation period had already run 307 days.

Petitioner filed his first petition in a timely manner on February 13, 2018, but that case was dismissed on April 17, 2018, and Petitioner did not sign his habeas petition in this case until May 14, 2018. By then, the statute of limitations had run because his previous petition was "not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Id*. Tolling under § 2244(d)(2)

---

[2] Pursuant to Federal Rule of Civil Procedure 6(a)(1), when computing the relevant time periods in this case, the Court has excluded the day of the event that triggered the time period, counted intermediate days, and included the last day of the period if the last day was not a Saturday, Sunday, or legal holiday. See Federal Rule of Civil Procedure 6(a)(1). The Court also notes that there were 29 days in February 2016 because 2016 was a leap year.

occurs only during the pendency of *state* proceedings, not *federal* proceedings. *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002). "Therefore, the time a federal habeas petition is pending in federal court will not extend the time to file a subsequent petition if the original petition is dismissed without prejudice." *Hargrove v. Brigano*, 300 F.3d 717, 719, n.3 (6th Cir. 2002).

**B.**

Petitioner contends that state officials created an impediment to filing a timely petition by not complying with a state policy directive that authorizes correctional officials to mail a prisoner's legal documents even if the prisoner lacks money to pay for the mailing. Petitioner argues that his first petition was timely and that he attempted to comply with the Court's deficiency orders in that case. Petitioner further alleges that he is illiterate and untrained in the law. He claims that when he consulted the prison librarian for guidance, he was instructed to return the civil cover sheet to the Court with the *in forma pauperis* box checked and to ask prison officials to submit the $5.00 filing fee. Petitioner maintains that he followed those instructions and asked prison officials to disburse the filing fee or to mail his *in forma pauperis* request to the court on March 15, 2018. Petitioner further alleges that on March 19, 2018, he handed prison officials two copies of his habeas petition for mailing to the Court. He then assumed that he had complied with the Court's deficiency orders, but on April 17, 2018, the Court dismissed his first petition, and on May 14, 2018, he submitted his current petition. *See* Petitioner's Answer in Opp'n to Respondent's Mot. to Dismiss, ECF No. 11, ¶¶ 5-10; *id.*, pp. 4-5 and Ex. G; *see also* Pet. for Writ of Habeas Corpus, ECF No. 1, Letter to Clerk, PageID 22.

**1.**

Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitation can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or

laws of the United States is removed, if the applicant was prevented from filing by such State action." In the present case, the Court mailed its two orders to Petitioner addressing his deficient filing on February 28, 2018. Petitioner then waited until March 15, 2018, to ask prison officials to disburse the filing fee of $5.00 for his first petition. *See* Petitioner's Answer to Respondent's Mot., ECF No. 11, Ex. G. A state official returned the form to Petitioner on March 16, 2018, with a notation that there were insufficient funds in Petitioner's prison account. *See id*. On March 19, 2018, Petitioner submitted copies of his previous habeas petition to prison officials for mailing to the Court. A state official placed the papers in the outgoing mail on the same day. *See id*., Ex. G-1.

The Court received copies of the first petition on March 23, 2018. *See Freeman v. Horton,* case number 18-10519, unnumbered docket entry between ECF Nos. 6 and 7. However, because the Court did not receive the filing fee or a proper application to proceed *in forma pauperis* in that case, the Court dismissed the first petition without prejudice on April 17, 2018. *See id*., ECF Nos. 7 and 8.

As noted above, Petitioner contends that a state policy directive authorizes state officials to mail a prisoner's legal papers even if the prisoner lacks sufficient funds to pay for the mailing. See Petitioner's Answer in Opp'n to Respondent's Mot. to Dismiss, ECF No. 11, p. 5. It appears, however, that state officials did comply with the state policy directive, because the Court received copies of the previous petition. It was the filing fee or a proper application to proceed *in forma pauperis* that the Court did not receive, and it does not appear that state officials were at fault for failing to send the filing fee to the Court. The issue was Petitioner's lack of funds to pay the filing fee.

Petitioner claims that he did not receive the state official's notice rejecting his legal mail until after he received the Court's dismissal of his first petition. *See id.*, § 8 on p. 3. However, a prison official informed Petitioner of the insufficient funds on March 16, 2018. S*ee id.*, Ex. G; Pet., ECF No. 1, PageID. 23. Petitioner, moreover, admits in a letter attached to his habeas petition that he was aware of the insufficient funds as early as March 16, 2018, or at least by March 19, 2018, when he went to see the prison librarian for advice. *See* Pet., Letter to Clerk, ECF No. 1, PageID. 22.

Petitioner has failed to show that state officials violated federal law and prevented him from complying with the Court's deficiency orders or from filing a timely petition. The Court, therefore, declines to delay the start of the limitation period under § 2244(d)(1)(B).

**2.**

Petitioner has asked the Court to equitably toll the limitation period. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But a habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner was diligent in pursuing his rights up to the time that he filed his first petition, but he was not diligent in responding to the order identifying deficiencies with Petitioner's filing and explaining how to correct the deficiencies. He could have filed a motion, application, or hand-written request to waive the filing fee when he received a state official's notice that there were insufficient funds in his prison account. In the alternative, he could have asked the Court to extend the time to comply with the deficiency order regarding the filing fee. Merely returning the civil

cover sheet to the Court did not comply with the deficiency order, because the order specifically stated that Petitioner was required to "submit the $5.00 filing fee *or* an original and one copy of a completed, signed and dated application to proceed in forma pauperis . . . ." See Order to Correct Deficiency, ECF No. 3 in case number 18-11549 (emphasis in original).

Further, Petitioner has not shown that some extraordinary circumstance prevented him from curing the procedural deficiencies in his first case or in filing a timely second petition. He alleges that he is illiterate and untrained in the law, but a litigant's *pro se* status and ignorance of the law do not qualify as "extraordinary circumstances." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

Petitioner also alleges that he relied on the prison librarian's advice regarding the filing fee for his first petition. The Sixth Circuit Court of Appeals, however, has held that

> [C]ombinations of illiteracy, *pro se* status, lack of access to legal materials, ignorance of the law, and reliance on legal assistance from others do not amount to extraordinary circumstances. *See*, *e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("[W]e note that Keeling's pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance."); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–52 (6th Cir. 2011) (stating that a combination of a prisoner's pro se status, limited law-library access, and inability to access trial transcripts did not amount to an extraordinary circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding that a petitioner is not entitled to equitable tolling on the basis of his ignorance of the law and legal process, his lack of education, his functional illiteracy, or his reliance on prison paralegals).

*Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015) (Smith Gibbons, C.J., dissenting).

Furthermore, the Court mailed its deficiency order *and* a blank application to proceed *in forma pauperis* to Petitioner by first-class mail on February 28, 2018. See Petitioner's Answer in Opp'n to Respondent's Motion to Dismiss, Exhibit F. Although the order warned Petitioner that failure to comply with the order could result in the dismissal of his case, Petitioner did not ask prison officials to disburse the filing fee until March 15, 2018, and he has acknowledged receiving

the notice about the insufficient funds in his prison account by March 16 or 19, 2018. The Court did not dismiss the prior petition until approximately a month later, on April 17, 2018. Petitioner had sufficient time to complete and mail a proper application to proceed *in forma pauperis* within that time frame. No extraordinary circumstances prevented Petitioner from curing the procedural deficiency in his previous case or in filing a timely petition.

**3.**

Petitioner has not provided any new or reliable evidence demonstrating that he is innocent. Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court, however, has cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Although Petitioner asserts in his habeas petition that there was insufficient evidence to support his convictions, he has not presented any new and reliable evidence to support a claim of actual innocence. Therefore, he is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

**III.**

Accordingly, it is **ORDERED** that Respondent's motion to dismiss the habeas petition (ECF No. 10) is **GRANTED**, and the habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists could not conclude that the Court erred in dismissing the petition or that Petitioner should be allowed to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal could not be taken in good faith.

Dated: September 19, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Dale D. Freeman** #752710, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on September 19, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager